**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| VAN CHARLES TAYLOR, : | Civ. Action No. 18-2465 (RMB) |
| Petitioner, : | |
| v. : | **OPINION** |
| NEW JERSEY STATE PAROLE BOARD, : *et al.*, : | |
| Respondents. : | |

**BUMB**, District Judge

This matter comes before the Court on Respondents' uncontested motion to seal documents pursuant to L. Civ. R. 5.3(c). (Mot. to Seal, ECF No. 13.) For the reasons discussed below, the Court will grant the motion.

Local Civil Rule 5.3(c) permits a party to file a motion to seal, or otherwise restrict public access to any materials or judicial proceedings. Rule 5.3(c)(2) requires that any motion to seal or otherwise restrict public access shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available. See Pansy v.

Borough of Stroudsburg, 23 F.3d 772, 787-89 (3d Cir. 1994) (describing good cause required to grant a protective order).

The nature of the material at issue is Petitioner's delinquency adjudication and juvenile pre-dispositional report, which Respondents filed in support of their answer to Petitioner's habeas petition. (Answer, ECF No. 11.) In their answer to the habeas petition, Respondents contend they properly ran Petitioner's sentences consecutively and correctly determined that Petitioner was not entitled to gap time credits. (Id. at 19-20.) These juvenile records were filed under temporary seal on the Court's docket as Exhibit B. (Answer, Ex. B, ECF No. 12.)

Under New Jersey law, persons have a limited privacy interest protecting against disclosure of delinquent adjudications. State ex rel. D.A., 897 A.2d 425, 428 (App. Div. 2006); see State v. Van Dyke, 825 A.2d 1163, 1168 (App. Div. 2003) ("There is a strong interest in protecting the confidentiality of juvenile records" (quoting State v. Allen, 361 A.3d 5 (1976)). The limited privacy interest is codified in N.J.S.A. 2A:4A-60, which explicitly safeguards against the public disclosure of such records and allows juvenile records to be inspected only by certain categories of officials and entities for limited purposes, reflecting a balance of protecting the public and aiding in rehabilitation. State ex rel. D.A., 897 A.2d at 428. Disclosure of these juvenile records

would result in the loss of privacy protected by New Jersey law in aid of rehabilitation of juveniles.

There is no meaningful way to redact the juvenile records. Therefore, there is no less restrictive alternative to the relief sought through this motion. The Court will grant Respondents' motion to seal.

An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Date: January 2, 2019