NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| VAN CHARLES TAYLOR, | : | Civil Action No. 18-2465 (RMB) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
|  | : |  |
| NEW JERSEY STATE PAROLE BOARD, | : |  |
| *et al.*, | : |  |
|  | : |  |
| Respondents. | : |  |
|  | : |  |

**BUMB**, District Judge

This matter comes before the Court upon the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Pet., ECF No. 1) filed by Petitioner Van Charles Taylor ("Petitioner"), an inmate confined in South Woods State Prison in Bridgeton, New Jersey. On July 17, 2018, Petitioner filed a motion for summary judgment.[1] (Mot. Summ. J., ECF No. 14.) Petitioner contends he is illegally confined beyond his maximum expiration date and his sentence is in violation of the Ex Post Facto Clause of the United States

---

[1] A summary judgment motion is not necessary to obtain a decision on the merits of a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Rule 12, Rules Governing Section 2254 Cases in the United States District Courts. (Federal Rules of Civil Procedure *may be applied* in a habeas action if they are not inconsistent with any statutory provision or the Habeas Rules) (emphasis added).

Constitution. (Pet., ECF No. 1.) Respondents filed an answer opposing habeas relief. (Answer, ECF No. 11.) Petitioner filed a reply. (Letter Reply, ECF No. 16). For the reasons discussed below, the Court denies the petition.

I.   BACKGROUND AND PROCEDURAL HISTORY

On September 17, 1981, Petitioner was adjudicated delinquent for criminal homicide, for a crime committed on May 14, 1975. (Answer, Ex. A, ECF No. 11-2 at 3; Ex. B, ECF No. 12 at 2-3.) He was sentenced to a thirty-year indeterminate term of incarceration, pursuant to N.J.S.A. § 2A:4-61-h. (Answer, Ex. A, ECF No. 11-2; Ex. B, ECF No. 12.) He was paroled on December 18, 1984. (Answer, Ex. F, ECF No. 11-6 at 2.) His parole was revoked on August 13, 1986, after he was arrested and charged with armed robbery as an adult. (Answer, Ex. C, ECF No. 11-3; Ex. D, ECF No. 11-4 at 2; Ex. F, ECF No. 11-6 at 2.)

For armed robbery committed on July 21, 1986, Petitioner was convicted on January 30, 1987. (Answer, Ex. D, ECF No. 11-3.) He was sentenced to a forty-year prison term with a twenty-year mandatory minimum. (Id.) The judgment of conviction does not indicate whether the prison term for that offense should run consecutive to or concurrent with the remainder of his juvenile sentence. (Answer, Ex. C, ECF No. 11-3.) The Department of Corrections and the Parole Board both determined that the 1984 amendment of N.J.S.A. § 2C:44-5 applied to Petitioner's sentences.

(Answer, Ex. D, ECF No. 11-4 at 2; Ex. E, ECF No. 11-5 at 2; Ex. F [calculation worksheet], ECF No. 11-6 at 4-5.)

Petitioner completed the prison term on his robbery sentence on July 22, 2006. (Answer, Ex. D, ECF No, 11-4 at 2.) Upon application of the 1984 amendment of N.J.S.A. § 2C:44-5, his juvenile parole term began to run again, and would expire in twenty-four years, four months and six days. (Id.) He was paroled on September 1, 2015. (Answer, Ex. H., ECF No. 11-8 at 8.)

On December 13, 2017, a Parole Board panel issued a determination to revoke Petitioner's parole and establish an eight-month future eligibility term (FET). (Answer, Ex. H, ECF No. 11-8 at 16.) Petitioner appealed. (Id. at 22.) On May 21, 2018, the full Parole Board affirmed. (Id. at 26-28.) Petitioner's adjusted maximum release date is February 11, 2030. (Id. at 21.)

Petitioner challenged the Parole Board's decision by filing a motion to correct an illegal sentence in the Atlantic County Superior Court in Mays Landing, New Jersey. (Pet., ECF No. 1 at 6.) He did not appeal the New Jersey Superior Court's decision.[2] (Id. at 7.) Petitioner initiated this action by filing a habeas petition pursuant to 28 U.S.C. § 2254 on February 21, 2018. (Pet., ECF No. 1.)

---

[2] The parties have not submitted the Superior Court's decision on Petitioner's motion to correct an illegal sentence.

II.  DISCUSSION

A.   <u>Standard of Review</u>

28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Contrary to clearly established Federal law" means the state court applied a rule that contradicted the governing law set forth in U.S. Supreme Court precedent or that the state court confronted a set of facts that were materially indistinguishable from U.S. Supreme Court precedent and arrived at a different result than the Supreme Court. <u>Eley v. Erickson</u>, 712 F.3d 837, 846 (3d Cir. 2013) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)). The phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta" of the U.S. Supreme Court's decisions. <u>Williams</u>, 529 U.S. at 412. An "unreasonable application" of clearly established federal law is an "objectively unreasonable"

application of law, not merely an erroneous application. Eley, 712 F.3d at 846 (quoting Renico v. Lett, 130 S. Ct. 1855, 1862 (2010)).

Although a petition for writ of habeas corpus may not be granted if the petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. 28 U.S.C. § 2254(b)(2); see also Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004) and Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

B.    The Parties' Arguments

1.    The Petition

Petitioner asserts that, sometime in the early to mid-1990s, a Senior Classification Officer of the Department of Corrections Classification Department was assigned to calculate "the over-all length of time to be served" on Petitioner's adult and juvenile sentences. (Pet., ECF No. 1 at 12.) Petitioner claims the officer erred in running his sentences consecutively. (Id. at 13.) Petitioner believes that he "maxed-out" on his adult robbery sentence on July 22, 2006, after serving exactly twenty years on that sentence. (Id.) However, he was informed that he had to serve twenty-four more years on his juvenile sentence. (Id.)

In 2007 or 2008, Petitioner received a letter from the New Jersey State Parole Board, explaining that his sentences were consecutive rather than concurrent, pursuant to a legislative

change in N.J.S.A. § 2C:44-5(c). (Id.) Petitioner contends that application of this legislative change to his juvenile delinquent homicide case violates the Ex Post Facto Clause of the United States Constitution because he was sentenced in 1975, nine years before the 1984 amendment to the statute. (Id. at 13-14.) According to Petitioner, under the rules of aggregation in N.J.S.A. § 2C:44-5, his adult robbery sentence and juvenile sentence expired on July 22, 2006. (Id. at 14.)

Petitioner further submits that his juvenile sentence expired when he "maxed out" on his adult sentence because "[j]uveniles are entitled to the same gap-time credits as adults. Gap-Time credits also appl[y] to the period of imprisonment served on the first sentence after a parole revocation." (Id. at 15, quoting State v. Franklin, 175 N.J. 456 ([N.J. Super. 2012]). Petitioner argues that he is entitled to 27 ½ years of gap time credit on the parole warrant lodged against him in 1987. (Id. at 16.) Petitioner's present incarceration is the result of the New Jersey State Parole Board Juvenile Panel's December 13, 2017 decision to revoke parole and establish an eight-month parole eligibility term. (Answer, Ex. H, ECF No. 11-8 at 26-28.)

2.    The Answer

Respondents note that Petitioner's 1987 judgment of conviction for robbery is silent on whether the sentence is consecutive to or concurrent with his juvenile term of

6

imprisonment. (Answer, ECF No. 11 at 8.) In 1975, in the absence of stipulation in the judgment of conviction, the common law required[3] correctional authorities to run sentences concurrently when an offender was sentenced to a term of incarceration for an offense committed while on parole release. (Id.) The 1984 Amendment to N.J.S.A. § 2C:44-5 required the opposite, consecutive sentences in the absence of stipulation in the judgment of conviction. (Answer, ECF No. 11 at 8-9.) Thus, once Petitioner completed his prison term for robbery in 2006, Respondents contend they correctly concluded that he began serving the remaining sentence on his juvenile adjudication. (Answer, ECF No. 11 at 8-9.)

Respondents argue that application of the 1984 amendment to § 2C:44-5 to Petitioner's juvenile sentence does not violate the Ex Post Facto Clause. (Answer, ECF No. 11 at 17-19.) Respondents rely on Loftwich v. Fauver, 665 A.3d 1133, 1136 (N.J. Super. Ct. App. Div. 1995), which held that "the application of the 1984 amendment to an offender who was sentenced before the effective date of that enactment, but who violated parole after that date, does not create a significant risk of enhanced confinement," and thus does not violate the Ex Post Facto Clause. (Id. at 18.)

---

[3] In 1978, N.J.S.A. § 2C:44-5(c) first codified the common law rule that absent specific direction by the sentencing court, upon the imposition of separate sentences at separate times, sentences will run concurrently. See New Jersey Session Laws, Laws of 1978, ch. 95, § 2C:44-5(c); State v. Corbitt, 370 A.2d 916, 918 (N.J. Super. 1977) (citing In re Sabongy, 87 A.2d 59 (Cty.Ct. 1952)).

Petitioner was sentenced to a 30-year indeterminate term for the juvenile adjudication. (Answer, ECF No. 11 at 18.) Thus, Respondents note that he could serve up to 30 years in custody as punishment for committing that offense. (Id. at 19.) He was later convicted of robbery and spent nearly two decades in state prison serving the sentence for that offense. (Id.) Respondents contend that the time Petitioner spent incarcerated for robbery does not constitute an increase in the amount of time Petitioner spent in custody for the juvenile adjudication, and he was not subjected to "enhanced confinement." (Id.)

Respondents also argue that Petitioner's claim for gap time credits against his juvenile sentence is meritless. (Id. at 19-20.) The gap-time statute, N.J.S.A. § 2C:44-5(b)(2), applies to juvenile sentences. (Answer, ECF No. 11 at 20, citing State v. Franklin, 175 N.J. 456, 459 (2003)). The New Jersey Supreme Court explained that "[a] defendant who is sentenced to terms of imprisonment for two separate offenses imposed on different sentencing dates is entitled to gap-time credit for the period he serves from the date of the first sentence to the date of the second sentence *where both offenses occurred before the first sentence*." Id. (emphasis added). Respondents contend, based on the plain meaning of the statute, that gap-time credits apply only where both offenses occurred before the first sentence was imposed.

(Answer, ECF No. 11 at 20, citing <u>State v. Carreker</u>, 796 A.2d 847 (2002)) (setting forth elements for gap-time credits).

Petitioner committed his first offense in 1975 and his second offense in 1986; therefore, Respondents assert that he is not entitled to gap time credits. (<u>Id.</u>) Respondents maintain that N.J.S.A. § 2C:44-5(c) applies to Petitioner because he committed a new offense while on parole and was then sentenced to serve a custodial sentence for that offense. (<u>Id.</u>) This provision does not provide for gap time credits. (<u>Id.</u>) Additionally, Respondents oppose Petitioner's aggregation claim because, pursuant to N.J.S.A. § 30:4-123.51(h), juvenile and adult sentences cannot be aggregated.

### 3. The Reply

Petitioner reasserts that retrospective application of the 1984 amendment to N.J.S.A. § 2C:44-5 to his 1975 offense and subsequent 1981 juvenile adjudication to an indeterminate 30-year period of incarceration violates the Ex Post Facto Clause of the Constitution. (Letter Reply, ECF No. 16 at 4.) Although Petitioner does not challenge that he was sentenced to an indeterminate (30-year max) sentence for juvenile homicide, he states "PLEASE NOTE: this juvenile sentence was a signed plea agreement sentence that had a (10) year max in place but somehow got lost in translation???" (<u>Id.</u> at 1.) The Court does not interpret this as

a challenge to Petitioner's juvenile sentence, but any such claim is unexhausted in the state courts.

C.   Analysis

1.   Exhaustion of State Remedies

Petitioner did not appeal the New Jersey Superior Court's denial of his motion to correct an illegal sentence. (Pet., ECF No. 1 at 6.) Therefore, he failed to exhaust his State Remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") Nonetheless, a habeas court may deny an unexhausted habeas claim on the merits. 28 U.S.C. § 2254(b)(2).

2.   Due Process Liberty Interest in Release Upon Expiration of Sentence

An inmate has a due process liberty interest, protected by state and federal law, in release upon expiration of his sentence. Sample v. Diecks, 885 F.2d 1099, 1114 (3d Cir. 1989). Petitioner asserts that if he received the appropriate gap-time credits, his adult and juvenile sentences would have expired on July 22, 2006. Therefore, he claims that he is being illegally confined beyond his release date.

N.J.S.A. § 2C:44-5(b)(2) provides:

> Sentences of imprisonment imposed at different times. When a defendant who has previously

been sentenced to imprisonment is subsequently sentenced to another term *for an offense committed prior to the former sentence*, other than an offense committed while in custody: …

(2) Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served . . . .

N.J.S.A. § 2C:44-5(b)(2) (emphasis added).

Respondents are correct that this provision does not apply to Petitioner because Petitioner's conviction for robbery, committed in 1986, is not "an offense that was committed prior to" his 1975 juvenile homicide offense. See State v. Carreker, 796 A.2d 847, 849 (N.J. 2002) (noting that § 2C:44-5(b)(2) applies when "both offenses occurred prior to the imposition of the first sentence.") Therefore, Petitioner is not entitled to the gap-time credit described in the statute.

Petitioner's aggregation claim also fails. At the time of Petitioner's robbery conviction on January 30, 1987, N.J.S.A. § 30:4-123.51(h) provided:

> h. When an inmate is sentenced to more than one term of imprisonment, the primary parole eligibility terms calculated pursuant to this section shall be aggregated by the board for the purpose of determining the primary parole eligibility date, *except that no juvenile commitment shall be aggregated with any adult sentence*. The board shall promulgate rules and regulations to govern aggregation under this subsection.

N.J.S.A. § 30:4-123.51(h) (effective to Dec. 16, 2007) (emphasis added). "Unlike multiple sentences of imprisonment for adult inmates, see N.J.S.A. 30:4-123.51h, multiple sentences for juveniles are not aggregated in determining the juvenile's primary parole-eligibility date." State in Interest of J.L.A., 643 A.2d 538, 545 (N.J. 1994). Petitioner's juvenile commitment and adult sentence could not be aggregated.

Petitioner remained subject to what remained of his 30-year indeterminate juvenile term after service of his 1987 sentence for armed robbery. Petitioner was paroled on September 1, 2015 and continued under parole supervision for the remainder of his indeterminate 30-year juvenile term. (Answer, Ex. H., ECF No. 11-8 at 8.) Therefore, Petitioner was subject to parole revocation and service of the remaining term of his juvenile adjudication when his parole was revoked on December 13, 2017. Petitioner's projected release date is February 11, 2030. (Answer, Ex. H, ECF No. 11-8 at 21.) Petitioner is not confined beyond his maximum expiration date.

### 3. Ex Post Facto Clause

"Article I, § 10, of the Constitution prohibits the States from passing any 'ex post facto Law.'" California Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995)). "[T]he Clause is aimed at laws that retroactively alter the definition of crimes or increase

the punishment for criminal acts." Morales, 514 U.S. at 504.
(internal quotations omitted).

The Third Circuit Court of Appeals described the relevant
Supreme Court precedent:

> [I]n *Collins v. Youngblood*, 497 U.S. 37 …
> (1990), the Supreme Court adopted the analysis
> found in *Beazell v. Ohio*, 269 U.S. 167 …
> (1925), which established three tests for
> determining violations of the Ex Post Facto
> Clause. Under *Beazell*, a law is
> unconstitutional if it: (1) punishes as a
> crime an act that was innocent when done, or
> (2) makes more burdensome the punishment for
> a crime after its commission, or (3) deprives
> one charged with a crime of any defense
> available according to law at the time the act
> was committed. … If any one of the three
> *Beazell* prongs applies, the law or judicial
> decision in question is unconstitutional.

Helton v. Fauver, 930 F.2d 1040, 1045 (3d Cir. 1991). "It is a
fundamental principle of ex post facto jurisprudence that a court
entertaining an ex post facto claim must focus upon the law in
effect at the time of the offense for which a person is being
punished." U.S. ex rel. Forman v. McCall, 709 F.2d 852, 856 (3d
Cir. 1983).

Only the second ex post facto test announced in Beazell is
applicable here; whether the 1984 amendment to N.J.S.A. § 2C:44-5
made the punishment for Petitioner's 1975 juvenile adjudication
more burdensome. "The touchstone of [the] inquiry is whether a
given change in law presents a 'sufficient risk of increasing the
measure of punishment attached to the covered crimes.'" Peugh v.

13

United States, 569 U.S. 530, 539 (2013) (quoting Garner v. Jones, 529 U.S. 244, 250 (2000) (quoting Morales, 514 U.S. at 509)).

Petitioner was adjudicated for juvenile homicide, committed in 1975, and sentenced to an indeterminate 30-year prison term in Atlantic County Juvenile and Domestic Relations Court on September 17, 1981. (Pet., ECF No. 1 at 12.) The 1984 amendment to N.J.S.A. § 2C:44-5 did nothing to alter the fact that Petitioner would serve up to 30 years on his juvenile adjudication. The amendment did not affect the minimum sentence, as the juvenile sentence was indeterminate. Cf. Lindsay v. Washington, 301 U.S. 397, 401 (1937) ("[r]emoval of the possibility of a sentence of less than fifteen years, at the end of which petitioners would be freed from further confinement and the tutelage of a parole revocable at will, operates to their detriment in the sense that the standard of punishment adopted by the new statute is more onerous than that of the old.")

The 1984 amendment did not change the fact that the *sentencing court* had the discretion to sentence Petitioner consecutively or concurrently with his juvenile adjudication upon his commission of a crime while on parole from the juvenile sentence. See N.J.S.A. § 2C:44-5(c). The amendment merely changed the default rule applicable if the sentencing judge failed to indicate whether the sentences were consecutive or concurrent. See Souch v. Schiavo, 289 F.3d 616, 620-22 (9th Cir. 2002) (finding no ex post facto

violation where trial court retained absolute discretion to impose either concurrent or consecutive sentences under both versions of the state statute); see Hooks v. Sheets, 603 F.3d 316, 321 (6th Cir. 2010) ("[s]ince [the petitioner] was *always* subject to consecutive rather than concurrent sentences in the discretion of the trial court, his re-sentencing [] did not raise ex post facto or due process concerns") (emphasis in original); Cf. U.S. v. Comstock, 154 F.3d 845, 850 (8th Cir. 1998) (after amendment to federal sentencing guidelines, ex post facto violation found where the maximum sentence that could have been imposed increased after factoring in discretion to impose consecutive sentences.)

When Petitioner committed the juvenile offense in 1975, the parties do not dispute that a sentencing court had discretion to impose a concurrent or consecutive sentence upon Petitioner's commission of a subsequent crime while on parole. In other words, when Petitioner committed the juvenile offense in 1975, he could have contemplated receiving a consecutive sentence on a subsequent crime committed while on parole. See Loftwich, 665 A.2d at 1136 (N.J. Super. Ct. App. Div. 1995) ("[b]oth before and after the [1984] amendment [to N.J.S.A. § 2C:44-5] it was, and is, the responsibility of the court to determine whether sentences should run concurrently or consecutively.") In that sense, there was no increase to Petitioner's punishment from his 30-year indeterminate juvenile term.

The amendment to the statute increased the punishment Petitioner would be subjected to only if: (1) Petitioner committed a crime while on parole from the juvenile term; and (2) the sentencing judge failed to stipulate whether the sentence for the subsequent crime was consecutive or concurrent to the juvenile term. This risk of greater punishment is too speculative to cause an Ex Post Facto Clause violation. See Garner v. Jones, 529 U.S. 244, 255 (2000) ("[R]espondent must show that as applied to his own sentence the law created a significant risk of increasing his punishment"); Peugh, 569 U.S. at 539 ("mere speculation or conjecture that a change in law will retrospectively increase the punishment for a crime will not suffice to establish a violation of the *Ex Post Facto* Clause.") Therefore, application of the 1984 amendment to N.J.S.A. § 2C:44-5(c) by the Parole Board did not violate the Ex Post Facto Clause.

III. CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims

16

or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

Petitioner has not made a substantial showing of the denial of a constitutional right in the calculation of his juvenile and adult sentences by the Parole Board. Therefore, the Court will deny a certificate of appealability.

IV. CONCLUSION

For the reasons discussed above, the petition for habeas relief under 28 U.S.C. § 2254 is denied.

An appropriate order follows.


Dated: February 27, 2019          s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**